**IN THE UNITED STATES COURT DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Docket No. 18-CR-00130-1 |
| | : | |
| STAMATIOS KOUSISIS | : | |

**DEFENDANT STAMATIOS KOUSISIS'S  SENTENCING MEMORANDUM**

Defendant Stamatios Kousisis, by and through his undesigned counsel, and in compliance with this Court's Order dated June 26, 2024, submits this memorandum to assist the Court in determining a fair and appropriate sentence.   Specifically, Mr. Kousisis, along with the government, requests the Court impose a sentence of time served, a fine of $17,500 (which has been paid), a Special Assessment of $1,100 (which has also been paid), and a term of supervised release of approximately two years, set to expire on December 24, 2025.  As explained below, this sentence reflects nearly the same sentence imposed at Mr. Kousisis's original sentencing, with only a slight reduction of the supervised release term.

I.      **INTRODUCTION/PROCEDURAL HISTORY**

On July 8, 2025, this Court will resentence Mr. Kousisis. The Third Circuit Court of Appeals has remanded the matter after determining that this Court improperly calculated the United States Sentencing Guidelines.[1] In an Opinion dated September 22, 2023, the Court of Appeals directed this Court to recalculate the sentencing guidelines, and specifically, attempt to determine what a hypothetical Disadvantaged Business Enterprise ("DBE") might have lost notwithstanding the criminal conduct at issue.  PSR ¶ 6, note 1.  Thereafter, the government

---

[1] The entire procedural history, which is somewhat complicated, is aptly set forth in the Presentence Investigation Report dated June 24, 2025 ("PSR") at paragraphs 1-7.

undertook an analysis and proposed a loss calculation of $1,074,070.61 (*see* PSR ¶¶ 36-41), to which Mr. Kousisis does not object. However, notwithstanding Mr. Kousisis's non-objection, and as stated in the PSR, Mr. Kousisis maintains that "it is not possible to identify the legitimate DBE that would have done Markias's work had the defendant not used Markias as a pass-through." PSR ¶ 37.

In light of Mr. Kousisis's agreement to the proposed guideline calculation, the parties have come to a resolution of all potential sentencing issues which, if accepted by the Court, will obviate the need for additional litigation. As set forth in the PSR (*see* ¶ 7, note 2), the parties have agreed that the Court should impose basically the same sentence as originally imposed. Specifically, the parties recommend the Court impose a "time served" sentence,[2] a $17,500 fine, and a Special Assessment of $1,100 (Mr. Kousisis has paid both the fine and the Special Assessment). Originally, the Court imposed a three-year term of supervised release, which the parties recommend be reduced to approximately two years, and specifically one that will expire on December 24, 2025.

## II.    ANALYSIS

### A.    PSR Corrections

Although the parties come to the Court with a proposed resolution of all open issues, Mr. Kousisis noticed two nonessential factual errors in the PSR that may warrant correction. First, at paragraph 101, the PSR reports the existence of a Pollard & Associates Profit Sharing Plan with a

---

[2] Originally, the Court committed Mr. Kousisis to the Bureau of Prisons for a term of 70 months. Mr. Kousisis was discharged from BOP custody on December 26, 2023 and, thereafter, commenced supervised release.

value of $131,369. This account was rolled over into the listed Citadel account showing a balance of $163,361.

Additionally, at paragraph 102, the PSR lists federal tax liens from 1991 totaling $319,861. However, at Mr. Kousisis's original sentencing, he presented evidence that this was resolved. Plus, the PSR, at paragraph 104, reflects the IRS payment of tax refunds, which would not have been paid if Mr. Kousisis owed money to the IRS.

In light of the agreement of the parties, these changes/corrections are not required/meaningful; however, Mr. Kousisis thought it best to note them. Mr. Kousisis defers to the Court concerning whether to correct these minor factual misstatements.

### B.    <u>Sentence to be Imposed</u>

Unless the Court believes that the parties' recommendation is "too severe" in light of the recalculated sentencing guidelines, which are significantly lower than those applied by the Court at Mr. Kousisis's November 2019 sentencing (Total Offense Level of 25 (*see* PSR ¶ 60) versus Total Offense Level of 31)[3], the Court should–and arguably must–accept the parties' recommendation.

First and foremost, the Court cannot impose a more severe sentence without running afoul of the presumption of vindictiveness discussed in *North Carolina v. Pearce*, 395 U.S. 711 (1969).

Second and more importantly, since the sentencing guidelines now advise a substantially lower sentence than those applied by the Court in 2019, and since there is nothing to suggest that Mr. Kousisis has been anything less than fully compliant with all rules and regulations governing

---

[3] Before the original sentencing, the Probation Office calculated the Total Offense Level of 33, which included an Obstruction of Justice enhancement under U.S.S.G. § 3C1.1. However, the Court sustained Mr. Kousisis's objection to that enhancement (*see* PSR ¶ 46) and determined the applicable Total Offense Level to be 31 (*see* Sent. Tr. 85: 19-21, Nov. 6, 2019).

his sentence and has clearly proven his rehabilitation, there exists no legal or factual basis to impose a sentence more severe than that recommended by the parties.[4]

At Mr. Kousisis's original sentencing, the Court determined the guidelines advised a sentence of 108-135 months (*see* Sent. Tr. 86:9-11, Nov. 6 2019); however, after consideration of the factors set forth in 18 U.S.C. § 3553(a), the Court varied downward and imposed a term of imprisonment of 70 months, which Mr. Kousisis has served.[5] The Court also imposed the financial penalties discussed above. In varying from the sentencing guidelines, the Court determined that a 70-month term of imprisonment reflected a sentence that was "sufficient, but not greater than necessary, to comply with the purposes [of sentencing]." 18 U.S.C. § 3553(a).

Other than the passage of more than five and one-half years (during which Mr. Kousisis has unquestionably demonstrated his rehabilitation), the only other variable in the sentencing calculation that has changed is that the presumably objective measure of harm (financial loss) has decreased from more than $9,500,000 to $1,074,070.61. Given this, as well as Mr. Kousisis's demonstrated rehabilitation, imposition of the sentence recommended by the parties is certainly warranted and advances the goals of sentencing.

---

[4] Although Mr. Kousisis does not urge the Court to do so, he would be remiss if he did not note that the Court certainly has the authority to impose a less severe sentence—specifically reducing the time of supervised release below what the parties are recommending.

[5] Mr. Kousisis commenced his term of imprisonment on January 6, 2020 and was released from BOP custody nearly four years later on December 26, 2023. *See* PSR ¶ 11. While in BOP custody, Mr. Kousisis earned good time credits and program-based credits under the First Step Act, which required the BOP to release Mr. Kousisis in late 2023. In fact, Mr. Kousisis successfully completed hundreds of hours of programming credits while serving his sentence. As a result, he earned time credits totaling one year—the maximum allowed under the First Step Act. Mr. Kousisis will present the program certifications at his upcoming sentencing.

As noted, with one exception, the parties urge the Court to impose the same sentence originally imposed.  The exception concerns the period of supervised release.[6]  Rather than a three-year term of supervised release, the parties request the Court impose a nearly two-year term, and specifically one that will expire on December 24, 2025.  Imposition of the requested term of supervised release reflects an approximate one-year reduction of the term originally imposed.

Such a reduction is warranted because Mr. Kousisis was originally sentenced under the sentencing guidelines calculated significantly higher than those correctly calculated.  Although the Court varied from the determined guideline range, Mr. Kousisis has now served a sentence that is likely higher than that which the Court would have imposed under the correctly calculated sentencing guidelines.

It is impossible to determine whether the Court, had it proceeded under correctly calculated guidelines, would have granted a variance similar to that granted in 2019.  However, even without a variance, a within-guideline sentence would likely be lower than the sentence imposed.  Consequently, Mr. Kousisis likely served more time in prison than he otherwise would have served if sentenced under the correctly calculated sentencing guidelines. Therefore, unless the Court reduces Mr. Kousisis's supervised release term, Mr. Kousisis will not have received any benefit as a result of the mandated resentencing.

More importantly, however, all reasons supporting a term of supervised release have been satisfied to date and certainly will be satisfied if Mr. Kousisis is required to serve an additional term of supervised release through December 24, 2025.  As set forth in 18 U.S.C. § 3583(c), in determining whether a term of supervised release is to be included in a sentence or in determining

---

[6]  Since Mr. Kousisis has already served the term of imprisonment originally imposed by this Court, and since there exists no justification to impose a greater fine, the only truly valid consideration for this Court concerns the length of Mr. Kousisis's term of supervised release.

the length and conditions of supervised release, the Court may consider all of the factors set forth in 18 U.S.C. § 3553(a), **except** for the factors associated with retribution set forth at § 3553(a)(2)(A). *See* 18 U.S.C. § 3583(c). The Section 3553(a) factors permissibly considered in setting the term and conditions of supervised release are satisfied by a two-year term.  There is no marginal utility, vis-à-vis the permissible considerations, in requiring Mr. Kousisis to serve an extra year of supervised release.

As discussed above, all valid considerations support a reduction of Mr. Kousisis's term of supervised release.  Clearly, Mr. Kousisis is rehabilitated, as demonstrated by the passage of nearly five years and the completion of a term of imprisonment, during which he earned enough program credits to be released from prison earlier than expected. Since being released, Mr. Kousisis has successfully completed all terms/conditions of his supervised release. In fact, the level of his supervision was downgraded to the "low risk" caseload.  PSR ¶ 12.

Since having served his sentence, Mr. Kousisis has reentered the workforce as a consultant, and specifically, as the Executive Director for DMV Industrial Painters Alliance, an alliance of industrial painting union contractors for Washington D.C., Maryland, and Virginia. *See* PSR ¶ 93. This work requires Mr. Kousisis to occasionally travel outside the judicial district. Therefore, should the Court impose an additional term of supervised release, Mr. Kousisis asks that he be permitted to travel to Washington D.C., Maryland, and Viriginia without seeking advanced permission from Probation.

In light of the above, it is hard to see how any term of supervised release other than that recommended by the parties will advance the permissible considerations governing supervised release.

III.    **CONCLUSION**

For all of the above reasons, unless the Court believes that a shorter term of supervised release is warranted, the Court should accept the parties' joint recommendation and impose a sentence of time served, a fine of $17,500 (which has been paid), a Special Assessment of $1,100 (which has also been paid), and a term of supervised release set to expire on December 24, 2025.

Respectfully submitted:

**SAXTON & STUMP**

Dated:  July 1, 2025            By:    */s/ Mark E. Cedrone*
MARK E. CEDRONE, ESQUIRE
123 South Broad Street – Suite 2800
Philadelphia, PA  19109
(267) 665-2080
mec@saxtonstump.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing was served, this 1st day of July, 2025, via the Court's Electronic Case Filing ("ECF") System, upon all counsel of record.

*/s/ Mark E. Cedrone*
MARK E. CEDRONE